UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOMIKALAN-TASHASHA-JUNE' WALKER,<br><br>**Plaintiff,**<br><br>v.<br><br>KENNETH MICHAEL MEAD, *et al.*,<br><br>**Defendants.** | Civil Action No. 21-276 (JEB) |

### MEMORANDUM OPINION

What happens in Vegas stays in Vegas. *Pro se* Plaintiff Yomikalan-Tashasha-June' Walker disagrees and, consequently, has filed suit here in Washington, D.C., for actions stemming from her arrest in Las Vegas. See ECF No. 1 (Compl.), ¶¶ 1, 3, 7–13. Apparently subscribing to the old adage, several Defendants now file a Motion to Dismiss for improper venue. See ECF No. 11 (Def. Mot. to Dismiss). The Court sides with them and will dismiss the suit.

**I.     Background**

On January 24, 2021, Walker, a resident of Las Vegas, filed this Complaint against several Defendants for events surrounding an allegedly unlawful arrest that took place in Nevada. See Compl., ¶¶ 7–13. On April 13, she amended the Complaint and added several Defendants who appear to reside in Texas. See ECF No. 5 (Amended Compl.), ¶¶ 5, 8, 12, 18–19, 31.

The circumstances forming the basis of this suit are far from clear, but a rough mosaic can be pieced together with the help of some of Defendants' Motions. The story seems to be that

1

Walker was arrested on November 5, 2020, in Nevada for crimes relating to forgery and the unlawful use of an emergency phone number. See ECF No. 11-1 (Def. Exhs.) at ECF p. 19. The relationship between the Nevada arrest and Texas is that one of the Texas Defendants, Conrad Dominguez, in his capacity as a Texas State Trooper, performed a traffic stop in 2019 that led to the arrest of two of Walker's criminal compatriots. See ECF No. 25 (Dominguez Mot. to Dismiss) at 1. Plaintiff alleges that this Texas arrest had a "correlation" with her Nevada arrest. See Amended Compl., ¶ 31.

On May 25, 2021, several Defendants moved to dismiss Walker's Complaint for lack of venue under Federal Rule of Civil Procedure 12(b)(3).

## II.     Legal Standard

When a plaintiff brings suit in an improper venue, the district court "shall dismiss [the case], or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Generally, "[t]he decision whether to dismiss or transfer 'in the interest of justice' is committed to the discretion of the district court." Fam v. Bank of America NA (USA), 236 F. Supp. 3d 397, 408 (D.D.C. 2017) (citing Naartex Consulting Corp. v. Watt, 722 F.2d 779, 789 (D.C. Cir. 1983)).

A plaintiff can bring a federal lawsuit in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3), if there is no district in which an action may otherwise be brought . . . any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C.

§ 1391(b).  Motions to dismiss for improper venue are governed by Federal Rule of Civil Procedure 12(b)(3).

"In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor, and resolves any factual conflicts in the plaintiff's favor." Pendleton v. Mukasey, 552 F. Supp. 2d 14, 17 (D.D.C. 2008) (quoting Darby v. U.S. Dep't of Energy, 231 F. Supp. 2d. 274, 276–77 (D.D.C. 2002)).  "The Court, however, need not accept the plaintiff's legal conclusions as true, and may consider material outside the pleadings, including undisputed facts evidenced in the record to determine whether" venue is proper.  Braun v. U.S. Dep't of the Interior, 288 F. Supp. 3d 293, 298 (D.D.C. 2018) (internal quotation marks and citation omitted).  Given that it is a plaintiff's obligation to bring the action in an appropriate district, she "usually bears the burden of establishing that venue is proper."  Ellis-Smith v. Secretary of Army, 793 F. Supp. 2d 173, 175 (D.D.C. 2011) (internal quotation marks and citation omitted); see 14D Charles Alan Wright et al., Federal Practice & Procedure § 3826 (4th ed. 2018) ("[W]hen the defendant has made a proper objection, the burden is on the plaintiff to establish that the chosen district is a proper venue.").

### III.  Analysis

In seeking dismissal, Defendants contend that Washington lacks any relationship to Walker's claims.  See Def. Mot. to Dismiss at 2–3 ("Notably missing . . . are any allegations showing how the District of Columbia is the proper venue for this lawsuit.").  Walker does not necessarily seek to rebut Defendants' position and, instead, aims higher, contending that she has a "God given divine right[] to access the Court."  ECF No. 26 (Walker Mot. to Deny) at 4.  Whether she is right or not, this Court is constrained to follow the United States Code.

Under § 1406, Walker must satisfy one of the three venue prongs, which she cannot do. Even accepting her factual allegations regarding venue as true, there is still nothing to indicate any connection between the incidents and Washington.  See Pendleton, 552 F. Supp. 2d at 17. While the pleading bar is typically lower for *pro se* Plaintiffs, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972), there is still a bar to overcome.  First and second, Walker has failed to even suggest that any of the named Defendants — let alone all — reside here or that any part of the events giving rise to her claim occurred in this city.  Third, there are other venues in which she can bring her suit.

Although the Court has the option to transfer the case if it is in the interest of justice, Defendants instead ask for dismissal because the lawsuit is so deficient.  See Def. Mot. to Dismiss at 6; see also Laukus v. U.S., 691 F. Supp. 2d 119, 127 (D.D.C. 2010) (citing Phillips v. Seiter, 173 F.3d 609, 610–11 (7th Cir. 1999)) ("dismissal may be appropriate where there are obvious substantive problems with the plaintiff's claims").  The Court agrees.  Walker's pleadings are confused, hard to follow, and seem to clearly fall short of establishing any plausible right to relief.  As Defendants should not have to contend with this largely incomprehensible suit any longer, the Court will opt for dismissal.

**IV.   Conclusion**

For the foregoing reasons, the Court will issue a contemporaneous Order granting Defendants' Motion and dismissing this case without prejudice for lack of venue.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  July 6, 2021

4